Archibald P. Willis, plaintiff in error *v.* The People of the State of Illinois, defendants in error.

*Error to Gallatin.*

Certainty, in criminal proceedings, where attainable, will not be dispensed with.
It is well settled that in indictments for offences against the persons or property of individuals, the Christian and sur-names of the parties injured, must be stated, if known. In cases where the owners are unknown, the fact must be so stated.

(1) Acts of 1837, 75.

Willis *v.* The People.

The admission of an affidavit for a continuance, on the ground of the absence of a material witness, in evidence, is an admission of the truth of the facts which the affidavit states can be proved by such witness, and they cannot be contradicted.
The propriety of introducing affidavits in criminal cases, is not sanctioned.

THIS cause was tried at the September term, 1837, of the Gallatin Circuit Court, before the Hon. Walter B. Scates. The defendant in the Court below was convicted of stealing a pair of shoes, of the value of $1,75, and sentenced to pay a fine of $10, and to be confined in the county jail for one month. On the trial the following bill of exceptions was taken:

" Be it remembered that on the calling of this case for trial, the defendant made the following affidavit for continuance, (to wit,) ' This defendant makes oath that Absalom Ashley is a material witness for him in this case, by whom he expects and believes he can prove, that if he took said shoes at all, he took them in the way of a joke, and without any intention of stealing them. That said Ashley was believed by him to be one of the owners of said shoes; and he cannot prove the same facts by any other persons that he knows of. That the said Ashley left this country for Kentucky, shortly after the finding of this bill at the last July term, and before this affiant knew the same was found; and he has been advised by his counsel that he could not take his deposition without the consent of the State's Attorney, even if he had known, which he did not, in what county in Kentucky the said witness lived. This affiant further says that he has only found out since this Court commenced, that the said witness resides in Hopkins county, Ky.; and that he believes that he can obtain the deposition of said witness by the next term of this Court, provided the Hon. State's Attorney will consent thereto. This affidavit is not made for delay, further than that thereby to obtain justice.

his

ARCHD. ⋈ P. WILLIS.

mark

And moved the Court for a continuance of the case until the next term of this Court. Whereupon the State's Attorney agreed to admit the said affidavit in evidence to the jury, and claimed to try the cause at this term. Whereupon after the evidence closed, the defendant's counsel moved the Court for the following instruction, (to wit,) That what was stated in the affidavit should be positively taken as incontrovertible by other evidence. Whereupon the Court instructed the jury that they should give such weight to the affidavit of said defendant, and no more, as if the witness therein named, had been present and sworn to the fact or facts therein stated; and that it was competent for the prosecutor to prove the facts to be otherwise; and that they might weigh

the evidence as expected by the defendant to be made by his absent witness, and give such weight to it in connection with the other evidence, as they pleased, acting under their oaths as jurymen. Whereupon the jury found the defendant guilty; and thereupon the defendant moved for a new trial, on the ground, among others, that the Court misinstructed the jury as above stated; which motion the Court overruled, and also overruled the motion of said defendant in arrest of judgment, made on the ground assigned that the owners of the goods charged to have been stolen, were not sufficiently described by the initials of their names. To which opinions of the Court in so instructing the jury as aforesaid, and in so overruling the motions for a new trial, and in arrest of judgment, the defendant by his counsel excepts, and prays this his bill of exceptions to be sealed and allowed. WALTER B. SCATES," [L.S.]

H. EDDY, for the plaintiff in error.

U. F. LINDER, Attorney General, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

At the July term, 1837, of the Gallatin Circuit Court, Willis was indicted for larceny, and at the September term following, tried and convicted. To revise the judgment rendered on the conviction in this case, the present writ of error is prosecuted, and two grounds are assigned and relied on, as causes of reversal.

1. That the Circuit Court should have arrested the judgment, because the owners of the goods charged to have been stolen, are not sufficiently described.

2. That the Court misdirected the jury as to the effect of the affidavit admitted by the prosecution, to be read in evidence on the trial.

As to the first ground, it is well settled, that, in indictments for offences against the persons or property of individuals, the Christian and sur-names of the parties injured, must be stated, if the injured party be known. The name so stated must be either the real name of the party injured, or that by which he is usually known.(1) In cases where the owners are unknown, it must be so stated.

In the present case, the indictment alleges the goods to be the property of T. D. Hawke and E. Dobbins, doing business in the town of Equality, under the style and firm of T. D. Hawke & Co. This was clearly erroneous, and there is no reason whatever to justify the omission to state the Christian names of the owners. It appears that the residence of the owners was known, and the least enquiry would have enabled the prosecution to have obtained and inserted the Christian names at length. Certainty in crimi-

(1) Arch. Crim. Plead. 30, 31, 32; Hawkins C. 25 § 71-2.

2H*

nal proceedings, where attainable, will not be dispensed with; and it becomes highly essential to enable a party to plead either a former acquittal or conviction, in case of a second prosecution for the same offence.

In regard to the second objection, it appears from the bill of exceptions, that an affidavit made for the purpose of continuing the cause to another term, in which the defendant declared he could prove, by an absent witness, certain facts which, if true, disproved his guilt, was agreed by the prosecuting attorney to be admitted as evidence in the cause, and was accordingly read to the jury as such, under a misconception of the statute relating to similar admissions in civil cases. The Court, however, instructed the jury that they might give to the facts stated, such weight as they would give if the witness was present and had stated them himself, and that they might be contradicted. The instructions of the judge on the effect of the facts contained in the affidavit, and its admission to the jury, were most clearly erroneous. The prosecution having admitted the affidavit as evidence, admitted the truth of the statements therein contained; and having done so, was not at liberty to impeach or contradict them. By his voluntary act, and to prevent a continuance of the cause to another term, he precluded himself from the exercise of the right. Such has been the decisions in civil cases, and the rule ought not to be relaxed in a criminal one. It is not, however, meant to recognise the propriety of the introduction of affidavits in criminal cases, though under some peculiar cases they might be introduced by consent, nor to sanction a practice of admitting those of the accused in evidence in any case, whether for the purpose of preventing a continuance of the cause, or for any other object.

The judge should either have continued the cause on the application under the affidavit, or denied it; but having permitted the parties to introduce, by agreement, the deposition, it should have been given to the jury without the right to impeach it; and he should have so instructed the jury.

The defect in the indictment, and the erroneous instructions of the judge, require a reversal of the judgment of the Circuit Court of Gallatin county, and it is accordingly ordered.

*Judgment reversed.*