## JOHN VANDERMARK *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*what constitutes malice.* Where a party charged with an assault with intent to commit murder, inists that the prosecuting witness was shot by accident, and it was proved that the shooting was done recklessly, regardless of the lives of others, the act of such party will be construed as implying general malice, rendering him amenable to the penalties of the law.

2. EVIDENCE—*where insufficient to convict.* Where the evidence shows that a party charged with an assault with intent to kill, was attacked with a deadly weapon, without notice of his danger, and used his pistol in self-defense, and the evidence fails to show that he shot at, or even towards the prosecuting witness, such evidence fails to sustain the verdict of guilty as against him.

3. INDICTMENT—*of the particular description of the party injured, by name.* It is a rule of pleading, that the name of the person receiving the injury, when known, must be set out in the indictment; but where the person is described in the indictment by the initials of his christian name, and is as well known by such initials as by his full name, which is a question for the jury to determine, no error is committed.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts are fully stated in the opinion.

Messrs. O'MELVENY & MERRITT, for the plaintiffs in error.

Mr. ROBERT G. INGERSOLL, Attorney General, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment in the Marion Circuit Court, against plaintiffs in error, for an assault with an intent to commit murder. A trial was had before the court and a jury, which resulted in a conviction and sentence of confinement of each in the penitentiary, for the term of one year; to reverse which they prosecute this writ of error, and assign various errors on the record.

There seems to be no doubt, from the evidence, that Linville did shoot the prosecuting witness. But it is insisted, that he shot at another person, and that it was accidental that Bird was hit. But Bird testified that he believed it was intentional, as the accused pointed the pistol at him, and then fired. It is true, other persons were in the same direction, and between Linville and Bird. But it appears that Linville had no concern with the commencement of the affray. It occurred between Vandermark and Hand. Linville immediately drew his pistol, and seems to have shot and struck Bird, who was not even in the crowd. Under these circumstances, the jury were warranted in the conclusion, that he was actuated by malice against Bird. Or, if not, his conduct was so reckless that it implied a total disregard for the lives of others. The act was such as implied general malice. He evidently intended to shoot some one, and when it was without any apparent provocation, it must be referred to malice. As to him, the evidence was sufficient to warrant the finding of the jury.

On the other hand, Bird does not know whether Hand shot

or not, and but one witness says he did, and that it was in an opposite direction. From the evidence, we are unable to see that he could have done so without some person having seen it. But, even if he did shoot, he seems to have been assaulted by Vandermark in a most brutal and murderous manner, and, so far as this record discloses, without the slightest provocation. When attacked with a club, which appears to have been a deadly weapon, without notice or even an intimation of his danger, so far as appears from the evidence, he might well suppose that his life was in danger, and that it could only be preserved by the use of his pistol. At any rate, we do not see that he shot at, or even towards Bird, and the evidence fails to sustain the verdict against him.

It is said, that the full christian name of the prosecuting witness should have been given, and that the initials were not sufficient. It is a rule of pleading, that the name of the person receiving the injury, when known, must be set out in the indictment, that the accused may know of what particular offence he is charged. But when the person is described by the initials of his christian name, and he is as well known by that as his full name, the object of the rule is obtained, and no error is committed. And it is a question for the determination of the jury, whether he was known in the community as well by that as his full name. In this case the jury so found upon the evidence.

Upon the whole record, we are satisfied that Linville was properly convicted, and, as to him, the judgment is affirmed, but that the evidence fails to sustain the verdict against Hand, and as to him it must, therefore, be reversed, and the cause remanded for further proceedings as to him.

*Judgment reversed in part*