CASE 18—INDICTMENT FOR BURGLARY—JUNE 19.

# Charles Olive, alias Alice, vs. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. To make out the offense of burglary, it is not necessary to prove that property was actually taken, stolen, &c.; it is sufficient if the house was feloniously broken and entered with the intention of so doing.

2. In an indictment for burglary, the actual commission of the ulterior felony being alleged as a substitute for the usual averment of the *intent* to commit the particular felony, *that did not vitiate the indictment;* for the commission of the felony, where one is actually committed, is the very best evidence of the *intent to commit it.* (2 *Bishop's Crim. Proc.,* sec. 115.)

3. The indictment did not charge that the storehouse was "burglariously" broken and entered. *Objection* to it on that account is fully answered by subsection 3, section 128, of the Criminal Code. The court could certainly pronounce judgment, on conviction, according to the right of the case, without the insertion of the omitted word.

4. It is not necessary to give the number and street in the description of the house alleged to have been broken, &c.

5. That the owner's name was alleged to be *Domick* instead of *Domeck,* as the owner himself spells it. *Objection on that account is removed by section* 127, *Criminal Code.*

J. R. DUPUY,　　　　　　　　　　　　　For Appellant,

CITED—

*Criminal Code, sec.* 126.

*Revised Statutes, 1 Stanton, sec.* 1, *p.* 382, *sec.* 6, *p.* 383.

2 *Wharton's Criminal Law, pp.* 1607, 1610, 1820, 1821.

1 *Wharton's Criminal Law, pp.* 401, 402, 260, 259, 597.

2 *Bishop on Crim. Proc., secs.* 101, 102, 103, 104, 109.

2 *Archbold's Prac. and Plead.,* 329, 337, 338, 339.

Charles Olive, alias Alice, vs. Commonwealth.

JOHN RODMAN, Attorney General,      For Appellee,
CITED—

*Criminal Code, sec.* 334.

1 *Met.*, 6 ; *Tipper vs. Commonwealth.*

17 *B. Mon.*, 408 ; *Comely vs. Commonwealth.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

We feel constrained, after a careful reading and consideration of the able argument presented by the attorney for the appellant, recommended not more by the learning and research displayed than the laudable zeal manifested for his unhappy client, to dissent from his conclusions.

*First.* It is contended, on behalf of the appellant, that two distinct offenses are charged in the same count in the indictment, there being but one count, and that the judgment, for that reason, should have been arrested.

If the indictment had charged, after the formal parts, that the defendant feloniously and *burglariously* broke and entered the storehouse of said A. Domeck in the night time, "*with the intent*" the goods and chattels of him, the said A. Domeck (describing them), in his said storehouse then and there being, to steal, take, and carry away, it would have fully met the approved form, as containing all the requisites of an indictment, according to the common law definition of the offense, and we have no statute defining it. To make out the offense, it is *not* necessary to prove that goods, chattels, &c., were *actually* stolen, taken, and carried away; it is sufficient if the storehouse was feloniously broken and entered with the *intention* of doing so. But in this case more is charged in the indictment than was necessary, and the attorney for the Commonwealth, in-

stead of stating the *intent*, has alleged the actual com-
mission of the ulterior felony in the house broken and
entered, as a substitute for the usual averment of the
intent to commit the particular felony; which certainly
should not vitiate the indictment; for the commission of
the felony, where one is actually committed, is the very
best evidence of the intent to commit it; and this ac-
cords with the general doctrine on the question. (2 *B.
Crim. Proc., sec.* 115).

The second objection is, that the indictment fails to
charge that the storehouse was "*burglariously*" broken
and entered, the word italicized being a word of art,
and technically necessary in charging the offense. This
objection is fully answered by *subsection* 3, *section* 128,
*Criminal Code,* which provides that the indictment is
sufficient, if it can be understood therefrom that the
act or omission charged as the offense is stated with
such a degree of certainty as to enable the court to
pronounce judgment, on conviction, according to the
right of the case. The court can certainly do this
without the insertion of the omitted word.

It was formerly held, that, in an indictment for bur-
glary, the indictment should not only state that the
offense was committed in the night time, but it must
state the particular hour of the night. But the better
opinion now seems to be, that it is sufficient to aver
that it was committed in the night time (2 *Whar. Amer.
Crim. Law, sec.* 1612), and that will certainly be suffi-
cient after verdict.

The description of the house seems to be sufficiently
certain. It is described in the indictment as the house of
A. Domick. It cannot be necessary to give the street,
number, &c. It is sufficiently described for all practical
purposes, and would bar another prosecution for the

same offense; consequently, that defect, if it be one, cannot prejudice the substantial rights of the defendant on the merits ; and, therefore, under *section* 120, *Criminal Code*, cannot be available for a reversal.

The last objection which will be noticed relates to the difference in the way the name of the owner of the goods is spelled in the indictment and the way he himself spells it. That difference is slight indeed—using " *i* " as the fourth letter in the surname, instead of " *e* "— making but little, if any difference, in the sound, scarcely perceptible, and altogether too technical to be available. But if it were otherwise, the objection is removed by *section* 127, *Criminal Code*, which provides, that where an offense involves the commission, or an attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material.

We perceive no error prejudicial to appellant in the proceedings; wherefore, the judgment must be affirmed.