State *v.* Bundy.

---

STATE OF MAINE *vs.* ANTHONY BUNDY.

*Assault and battery. Pleading.*

In an indictment for an assault and battery the name of the person upon whom the assault is alleged to have been committed is used for the purpose of identification, and when such person is equally well known by two names, the use of either of them is sufficient.

State *v.* Bundy.

On exceptions.

Indictment for an assault with intent to murder. The respondent was convicted. The name of the person assaulted mentioned in the indictment was Annie Maria St. John, which she when called as a witness for the prosecution testified to be her name. Upon her cross-examination, it appeared that she had been married prior to the time named in the indictment, to a man named Penney, and had been known by the name of Penney and of St. John. The government introduced, subject to the objection of the respondent's counsel, the record of her divorce at the October term, 1867, of the supreme judicial court for this county, under the name of Annie M. Penney, first proving her identity. Some of the government witnesses testified she was as well known by the name of Annie Maria St. John, as by that of Penney, and some testified that they had known her as Anna Maria St. John, while the witnesses for the defence testified that she had been known to them only by the name of Maria St. John and of "Gus Penney's wife." Her maiden name was St. John. She had been but once married, and had obtained no authority from the legislature or probate court to resume her maiden name after her divorce.

The respondent's counsel requested to have the jury instructed that "in this state when a husband and wife are divorced, the latter retains the surname of the former, in the absence of legal authority to change it; that she cannot take a new name, of her own motion, which shall be a legal name; and that, as there was no evidence of legal authority to change her name, this witness after her divorce retained Penney as a part of her legal name." Upon this subject the judge instructed the jury substantially, that it was incumbent upon the government to satisfy the jury that the assault was committed upon Annie Maria St. John, as stated in the indictment; that upon a charge of an assault upon one person a man could not be convicted of an assault upon an entirely different person; so that they were brought to the inquiry what the true name of the witness was; that she stated it as Annie Maria St. John, and the question was whether or not she had

given it truly and correctly; had she any motive to falsify or mis-state? that she had been married to a man named Penney, but it was competent for her—not forbidden by any law—after her divorce to resume her maiden name, if she pleases to do so; and if she did so her true name would be St. John and not Penney. No matter how she is known to these other witnesses, if her name is really St. John that is sufficient. "But if you should come to the conclusion that the true name has not been used, it does not follow that there is a variance between the proof offered and the allegation in the indictment. It does not follow in that event that the government is not entitled to prevail, because if the government have not set forth her real name, but have set forth a name by which she is also commonly known, it is sufficient."

To these instructions and the refusal to give those requested, the respondent excepted.

*Mattocks & Fox* for the respondent.

The name of the person injured should be truly stated in the indictment. 1 Chitty's Crim. Law, 172, 216; 1 Wharton's Crim. Law, § 250; Davis' Crim. Jus., 17; Archbold's Crim. Prac. & Plead.,* 79; 3 Greenl. on Ev., § 22; *People* v. *Walker*, 5 Parker's Crim. Rep., 661; *Commonwealth* v. *Morse*, 14 Mass., 217; *State* v. *Hand*, 1 Eng., 165; *Commonwealth* v. *Turner*, 1 Miss.,* 176; *Commonwealth* v. *McAvoy*, 16 Gray, 235.

*Charles F. Libby*, county attorney, for the state.

The instructions were correct. *State* v. *Dresser*, 54 Maine, 569; *Commonwealth* v. *Desmarteau*, 16 Gray, 1; *People* v. *Freeland*, 6 Cal., 96.

DANFORTH, J. The exceptions cannot be sustained. In an indictment for an assault and battery, the name of the person alleged to have been assaulted is used only for the purpose of identification. When such person is known equally well by two names, the use of either of them is sufficient, since either identifies the particular individual assaulted and makes the crime certain, so that

the respondent can be in no danger of being twice put in jeopardy in relation to it.                                    *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.