## STATE OF ARKANSAS VS. SEELY.

INDICTMENT: *Certainty in description of persons.*

In an indictment for assault and battery, only the initials of the Christian name of the party upon whom the assault was made was used: Held to be a sufficient description.

APPEAL from *Greene* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Attorney General Hughes*, for State.

The indictment sufficiently charges the offense of assault and battery; Gantt's Dig., 1295; as also it sufficiently indicates the person injured; Gantt's Digest, sec. 1786, and see *Commonwealth* v. *Kelcher*, 3 Met., 485.

ENGLISH CH. J:

At the April term of the Greene Circuit Court, 1875, Oliver Seely was indicted as follows:

" The Grand Jury of Greene county, in the name and by the authority of the State, etc., accuse Oliver Seely of the crime of misdemeanor committed as follows :    The said Oliver Seely at, etc., on the 10th day of December, 1874, did unlawfully assault J. H. Hufstedler, and did then and there unlawfully beat him the said J. H. Hufstedler, against the peace, etc."

The defendant demurred to the indictment on the grounds :

*First*—That it was not sufficiently certain as to the offense charged.

*Second*—That it did not state the name of the person upon whom the offense was committed with sufficient certainty.

The court sustained the demurrer, and quashed the indictment, and the State appealed.

Mr. Archbold furnished the following form of indictment for an assault and battery :

" The jurors for our Lady the Queen, upon their oath present, that A. B. on the —— day of —— in the year of Our Lord ——, in and upon one C. D. did make an assault, and him the said C. D. did then beat, and other wrongs to the said C. D. did, against the peace of our Lady the Queen, her crown and dignity." The venue is stated in the margin.

The indictment before us is in the code form, but contains the substance of the common law form, unless the omission of the full Christian name of the person alleged to have been injured is fatal.    He is described as J. H. Hufstedler.

The name of the party injured, if known to the Grand Jury, should be stated in the indictment, and proven substantially as alleged.    If unknown the accused is not to escape indictment on that account, but it may be alleged that the name of the person injured is unknown to the Grand Jury, and the plea of not guilty

puts this allegation in issue, and it must be proven.  *Cameron* v. *The State*, 13 Ark., 717.    *Gabe* v. *The State*, 6 Ark., 519.    Such is the rule of the common law.

The party injured may, however, be described by any particulars which furnish sufficient identification ; and if, instead of a true name, a well known nickname to which the person answers, an acquired name, or an addition by which such person is usually known, be used, it will be sufficient—thus, John, parish priest of D., was enough without the surname.    Dyer, 285 ; and Victory, Baroness Turkheim, by which appellation the person injured had acted and was known, was held good, though her real name was Selina Victoire.    2 Leach., 1,005.    Bacon Title Indictment G., 2.

In an indictment for retailing, one count alleged a sale to A. B. Arnold, and another a sale to A. B. Arnold, F. P. Robinson, Henry Power, and certain other persons.    Before evidence was offered, the defendant moved to quash the indictment, for uncertainty in the description of the third person mentioned therein, objecting to the use of initials.    The Circuit Judge held that if by proof it should appear that the individuals meant were known by the names which had been used in the description, that was sufficient certainty.    On the admission of evidence this did fully appear, and he overruled the motion to quash the indictment.

On appeal, the Court of Appeals (of South Carolina), sustained the ruling of the Circuit Judge.    The court said that in the description of parties injured, in indictments, certainty to a common or convenient intent, was sufficient.    That " before evidence offered, a judge wholly ignorant of the persons in the indictment, could not have known that the letters which were said to be initials, were not the names of baptism , and when the evidence was heard, it appeared that although these letters were only initials of the true Christian names, yet that by these letters the

persons designated were called and known. That they wrote these letters for names, answered to them, and were distinguished by them. Under these circumstances and in the general use of initials for names, which prevail, it would be straining for the relief of the accused to say that he must be presumed incapable of knowing the persons mentioned by the description which pointed them out without doubt to everybody else." *State* v. *Anderson*, 3 Rich. L., 174.

Wharton says, initials, it seems, are a sufficient designation of the Christian name of a party injured, and at all events cannot be excepted to after verdict, citing *State* v. *Anderson*, Sup., 2 Whart. Cr. L., sec. 255, 6 Ed.

But if it may be said to be in doubt whether by the rules of the common law an indictment like the one before us, which describes the party injured by the initials of his Christian name, should be quashed on motion, we think a provision of the Criminal Code settles the matter. It provides that "where an offense involves the commission, or attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured is not material." Gantt's Dig., sec. 1,786.

In *Alice* v. *Commonwealth*, 5 Bush (Ky.) 376, the person whose house was entered, was described as A. Domick, and proven to be A. Domeck. Held that if the variance was substantial, which the court doubted, it was rendered immaterial by a statute similar to the above.

In the *State* v. *Thompson*, 19 Iowa, 299, the name of the party injured was alleged to be Y. B. Skiff, and turned out in evidence to be F. B. Skiff. Variance held to be immaterial, under like statutes of Iowa. See also *State* v. *Emeigh*, 18 Ib., 122.

We do not favor the use of initials in criminal or civil pleadings, but the custom of using initials in business is so prevalent, that it is not unfrequently difficult for Prosecuting Attorneys and Grand Juries to ascertain Christian names, and hence the above statute, if prudently applied, may be of public benefit, and work no substantial wrong to parties accused of crimes.

The judgment must be reversed, and the cause remanded.

