STATE v. JAMES SWAIM.

*Judge's Charge—Practice.*

1. Defendant was indicted for perjury, committed on the trial of a warrant before a justice for assaulting his wife on the 17th day of November, 1885, on the trial of which, as a witness in his own behalf he swore that he did not strike his wife on the day mentioned in the warrant and had not struck her for three years before that time. The State introduced several witnesses who proved the assault on the day mentioned and other assaults on other days, and also corroborating circumstances; *Held,* that it was not error for the Court to charge the jury " that the date in the warrant should be considered in connection with the testimony of the witnesses for the State and as to the various assaults mentioned in the testimony for the purpose of determining whether the assault was actually committed as charged in the warrant."

2. It is not material (except in cases where time is of the essence of the offence) to charge in an indictment the true day on which an offence was committed; nor to prove the day as charged.

This was an INDICTMENT for perjury, tried before *Boykin, Judge,* at the February Term, 1887, of the Superior Court of YADKIN county.

The case is sufficiently stated in the opinion of the Court.

*The Attorney-General,* for the State.
*Mr. A. E. Holton,* for the defendant.

DAVIS, J. The perjury charged in the indictment was alleged to have been committed upon the trial of the defendant for an assault and battery upon the person of his wife, Nancy Swaim, before R. G. Howell and J. F. Cook, justices of the peace. The State introduced evidence tending to show that the defendant swore upon the trial of the warrant, that he did not assault his wife on the occasion charged in the war-

rant, and that he had not assaulted or struck her but once and then only in fun, in three or four years.

Lafayette Mathews, a witness for the State, testified that he saw the defendant, in the Fall of 1885, strike his wife with a large switch, and that she ran into the house, he pursuing her, and that while they were in the house, he heard several blows and the screams of a woman.

Bennett Holliman, for the State, testified that about, or a short time before the warrant was taken out (warrant dated November 17th, 1885,) he saw the defendant strike his wife with a bull whip. There was other evidence for the State, tending to show that the defendant did assault and beat his wife at the time charged in the warrant, and also on divers occasions within three years prior to the issuing of the warrant; that the said Nancy Swaim frequently, within the said period, bore bruises under her eyes, cuts on her head, and finger prints on her throat, and that she appeared as a witness upon the trial of the warrant having marks of violence upon her person. The defendant introduced his wife, Nancy Swaim, as a witness in his behalf, who testified that her husband (the defendant) did not beat her, as charged before the justice of the peace, nor had he at any time struck her, and that she had not sworn before the justice of the peace that he had beaten her, nor had she so stated at any time.

The State then introduced R. G. Howell, the justice of the peace before whom the warrant was tried, who testified that Nancy Swaim swore before him that her husband did strike her.

The State introduced other witnesses, who testified that Nancy Swaim swore before the justice that her husband beat her, and also several witnesses who testified to declarations made by her at the time when she bore marks of violence, to the effect that her husband had beaten her, and that she could stand his violence no longer.

"The Court charged the jury, that it was material for them to determine whether the defendant assaulted his wife on the 17th day of November, 1885, as charged in the warrant before the justice; that the previous declarations of the defendant's wife in which she inculpated him, as well as the warrant taken out by her against him, could only be considered by them as tending to contradict her and impeach her testimony; that the date in the warrant should be considered in connection with the testimony of the witnesses for the State and as to the various assaults mentioned in the testimony, for the purpose of determining whether the assault was actually committed, as charged in the said warrant."

To this the defendant excepted.

It was earnestly insisted by the counsel for the defendant in this Court, that the Court erred in charging the jury, "that the date in the warrant should be considered, &c., for the purpose of determining whether the assault was actually committed," as charged in the warrant. This was the only exception relied on here, and seems to have been based upon the assumption that it was necessary that the State should prove that the alleged assault was committed on the 17th day of November, 1885; that the exact time was essential to be proved, and that the date in the warrant was thought to be necessary, as corroborative evidence, to fix the time.

This was a mistaken view of the law, and the charge of his Honor that it was material " to determine whether the defendant assaulted his wife on the 17th day of November, 1885," if intended to convey the idea that the precise day on which the offence was committed was material to be proved, was more favorable to the prisoner than he was entitled to. In laying the time in an indictment (except in those cases where time is of the essence of the offence) it is only necessary that it shall appear that the offence was committed before the finding of the bill, and a variance in the day

proved from the day alleged, is not fatal. This is too well settled to need the citation of authority.

It is familiar learning, that a person charged with perjury can only be convicted upon the testimony of two witnesses, or of one witness, supported by corroborating circumstances. Here the evidence is, that the defendant swore, not only that he had not beaten his wife on the occasion charged in the warrant, but that "he had not assaulted or struck her but once, and then in fun, in three or four years." This was not only contradicted by the oaths of two witnesses, but by strong corroborating evidence, and the testimony of his unfortunate wife, contradicted as it was, added nothing in the way of mitigation to his crime.

There was no error. Let this be certified.

No error. Affirmed.