Myers *v.* The State.

No. 15,094.

MYERS *v.* THE STATE.

121   15|
148   52|
148  702|

CRIMINAL LAW.—*Assault and Battery.—Information.—Sufficiency of.*—Time is not of the essence of a misdemeanor of the kind charged in the information in this case, being a prosecution for assault and battery, and under section 1756, R. S. 1881, it was not necessary to state in the information the time at which the offence was committed.

SAME.—*Erroneous Instruction.—Invasion of the Province of the Jury.*—The court instructed the jury that the whole affray, from the time of the first assault until the final blow was struck, constituted but one transaction; also, that the last blow struck by the defendant constituted the offence charged in the information.

*Held*, that the instruction was erroneous, being an invasion of the province of the jury, who must be left free in criminal cases to determine for themselves both the law and the evidence. The instructions given by the court are intended to have no other effect than to inform the judgment of the jury, and can not bind their consciences.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*L. T. Michener*, Attorney General, *J. E. McCloskey*, Prosecuting Attorney, *J. H. State, H. D. Wilson* and *W. J. Davis*, for the State.

COFFEY, J.—This was a prosecution by the State, in the Elkhart Circuit Court, against the appellant upon a charge of assault and battery. A trial by jury, upon a plea of not guilty, resulted in a verdict finding the appellant guilty as charged and assessing a fine of $300. Over a motion for a new trial the court rendered judgment on the verdict. The errors assigned are:

*First.* That the information does not state facts sufficient to constitute a public offence, and

*Second.* That the court erred in overruling the appellant's motion for a new trial.

The court instructed the jury on the trial as follows:

Myers *v.* The State.

" I instruct you that the whole affray, from the time of the first encounter in the meat-market until the final blow which knocked said Moore into the gutter, constituted but one transaction, and you are to consider it all. You will necessarily find the defendant guilty for the last blow and fix such punishment for that as you may deem right within the statutory limits, and to each of the other claims made by the State you can not convict the defendant unless the evidence given in the cause satisfies each of you, beyond a reasonable doubt, that such claim is true. So, also, if there remains a reasonable doubt, either from the evidence, or from want of evidence as to the falsity of any claim made by defendant which would make a defence, you can not convict. The defendant claims that after the kicking in the face had taken place, and after he and said Moore had been separated, said Moore again picked up or had a stick in his hands and walked away still applying opprobrious epithets to defendant, and that for those reasons he went up to him and struck him, knocking him off the sidewalk into the gutter. I instruct you that at this point the defendant was guilty of an assault and battery on his own claim, and that you ought to so find."

The only objection urged under the first assignment of error is, that the information does not state the time at which the alleged offence was committed.

Section 1756, R. S. 1881, provides that no information shall be quashed for omissions to state the time at which the offence was committed in any case in which time is not of the essence of the offence; nor for stating the time imperfectly unless time is of the essence of the offence. Time is not of the essence of a misdemeanor of the kind charged in this information, and under this statute it was not necessary to state the time at which the offence was committed. We think the information states facts sufficient to constitute a public offence. The other questions presented in the case are much more difficult.

Section 19, article 1, of our Constitution, is as follows:

" In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

The evidence in the cause tended to prove that on the 23d day of March, 1889, the appellant and the prosecuting witness, one Moore, had an altercation over the weight of some beef, which resulted in a conflict between them in the place of business owned by the appellant in the city of Elkhart; that the conflict was immediately renewed on the sidewalk in front of appellant's place of business, in which appellant kicked the prosecuting witness in the face; and that after the combatants had been separated, the prosecuting witness, having in his hands a stick of wood, applied an opprobrious epithet to the appellant, when he again struck him for that reason.

In the case of *Barker* v. *State,* 48 Ind. 163, BUSKIRK, J., who wrote the opinion, quoted from Graham and Waterman on New Trials, with approval, the following: "When there is testimony which has any legal effect in a cause, it would be error in the court to determine the weight of it, or the fact which it did or did not ascertain. But whether evidence tends to prove anything pertinent to the issue, is a question for the court; and if there be no testimony that ought to have any legal effect, it is not error for the court to inform the jury that it does not prove what it does not tend to prove."

In the case of *Brooks* v. *State,* 90 Ind. 428, this court, in commenting upon the instructions in that case, said: "Under our system of practice, the court may sum up the evidence and submit hypothetical cases to the jury, but to do either of those things thoroughly and well usually requires very great care. It is a hazardous proceeding for the court, either directly or through the medium of hypothetical cases, to attempt any comments upon the evidence, and particularly to express any opinion upon it beyond an intimation or statement as to what certain evidence may *tend* to prove. The

safer way is for the court to announce general principles applicable to the salient points of the evidence, and leave all inferences from facts apparently proven, or which the evidence tended to establish, to the jury."

In the case of *Hudelson* v. *State*, 94 Ind. 426, the court instructed the jury as follows : " You have no right to determine the question whether the facts stated in the indict-- ment constitute a public offence, or to determine the sufficiency of the indictment. If the facts stated in the indictment are proven beyond a reasonable doubt, you must convict."

It was held by a majority of this court that it was error to give this instruction, and in commenting upon it, ZOLLARS, J., who wrote the opinion, said : " It is insisted that this instruction is an invasion of the rights of the jury, and an infraction of section 19 of article 1 of the State Constitution, which declares that in all criminal cases whatever the jury shall have the right to determine the law and the facts.. We can see no escape from this view, unless the instruction is so limited and modified by others as to remove the objections urged against it. The Constitution declares, in the broadest and most imperative terms, that in all criminal cases the jury shall have the right to determine the law as well as the facts. * * It has been held that the instructions to the jury under the Constitution and the statute are not to bind their consciences,.but to enlighten their judgments ; in other words, the instructions are advisory, and not binding upon the jury."

It is contended by the appellee that the case of *Anderson*. v. *State*, 104 Ind. 467, overrules the case last above cited, but we do not agree with counsel in his construction of that case. In the case last above cited the court did nothing more than state to the jury the contention of the prosecuting witness and the contention of the defendant, and left it for them to determine which, if either, was true.

In the case of *Roberts* v. *State*, 111 Ind. 340, the court. trying the cause said to the jury : " Under the evidence in.

this cause, if you find the defendant guilty, it is·an aggravated burglary, and you have a right to fix a proper penalty." This instruction was held erroneous as invading the province of the jury.

We are aware that numerous cases, in other States, may be found which seem to conflict with the decisions above cited, but the rule seems to be firmly fixed in this State that the instruction must leave the jury free to determine for themselves both the law and the evidence, and the instructions given by the court are intended to have no other effect than to inform the judgment of the jury and can not bind their consciences. Such being the law in this State, we think the court erred in giving the instructions above set out. As to whether the conflict in the appellant's place of business and the conflict upon the street was one continuous transaction was a question of fact which the jury had the right to determine. They had the right to determine, also, the question as to whether the last lick struck by the appellant constituted the offence charged in the information.

The appellant asked the court to give to the jury certain instructions, but as they may not be applicable to the evidence given on another trial of this cause, we deem it unnecessary to determine the questions presented by the refusal of the court to give them.

Judgment reversed, with instructions to the circuit court to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed Nov. 9, 1889.