[No. 8184.  Department One.  December 17, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. LUDWIG
MYRBERG, *Appellant*.[1]

INDICTMENT AND INFORMATION—SUFFICIENCY—TIME OF OFFENSE. An information charging the offense of rape on "a certain day within three years next preceding" the filing of the information, is sufficiently definite as to time, under Bal. Code, § 6845, providing that the precise time need not be stated except where time is a material ingredient in the crime, and that it may be alleged to have been committed at any time within the limitation for prosecution.

SAME—NAME OF PROSECUTRIX—VARIANCE. It is not a fatal variance to allege a rape upon a child named Frieda, and to prove the name Valfreda, as given in Holland, where, after coming to this country, the child was generally known as Frieda.

RAPE—COMPLAINTS BY PROSECUTRIX—EVIDENCE—ADMISSIBILITY. In a prosecution for rape of a child nine years of age, in the last of February or first of March, complaints made by the child "about the first or middle of March" are seasonably made, and therefore admissible in evidence.

WITNESSES—CAPACITY OF CHILD—DISCRETION—APPEAL—REVIEW. Whether a child nine years of age has sufficient capacity to understand the nature of an oath and is competent to testify is a matter within the trial court's discretion, not to be disturbed on appeal except for abuse of discretion.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 22, 1909, upon a trial and conviction of rape. Affirmed.

*Crass & Porter*, for appellant.

*Fred Kemp* and *Ludington & Kemp*, for respondent.

[1]Reported in 105 Pac. 622.

Morris, J.—Appellant was informed against and convicted of rape upon Frieda Johnson, a female child of the age of nine years. He brings this appeal and predicates error upon the holding of the court below that the information was sufficient as against his demurrer, and his objection to the introduction of testimony, and in denying his motions for discharge, for new trial, and in arrest of judgment. Other assignments of error will be referred to later. The charging part of the information as to the time the crime was committed was "on a certain day before the filing of this information within three years next preceding its filing."

The errors above alleged all raise the same question, was the time properly and sufficiently charged. We think it was. Our statutes relative to this question are as follows:

"The precise time at which the crime was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding of the indictment or the filing of the information, and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime." Bal. Code, § 6845.

"The indictment or information is sufficient if it can be understood therefrom,—. . . 5. That the crime was committed at some time previous to the finding of the indictment, or filing of the information, and within the time limited by law for the commencement of an action therefor." Bal. Code, § 6850.

"Prosecutions for the offenses of murder and arson, where death ensues, may be commenced at any period after the commission of the offenses; for offenses the punishment of which may be imprisonment in the penitentiary, within three years after their commission." Bal. Code, § 6780.

Under a subsequent section the penalty for conviction of the crime of rape is fixed at imprisonment in the penitentiary for life or any term of years. Bal. Code, § 7062. The limitation for an information for rape was therefore three years, and the information charging the commission of the crime

"within three years next preceding its filing," was a sufficient compliance with these statutes. We think it better to allege a specific day when such allegation is possible, but it doubtless will ofttimes occur, as in this case, where the child was of tender years and had no knowledge or memory of the calendar day, that it would be impossible to fix a specific day. Even though the information had fixed a specific day, it would not be contended that the commission of the act proved upon any other day within the statute of limitations would not be a sufficient and proper time under the information. The case is controlled by *State v. Gottfreedson*, 24 Wash. 398, 64 Pac. 523, where a similar charge as to time was held sufficient. The rule there announced is supported by abundant authority, it being generally held that the day upon which an offense is committed or charged to be committed is immaterial, except in those offenses where time is of the essence of the crime or a necessary ingredient in its description. *State v. Barnett*, 3 Kan. 250, 87 Am. Dec. 471; *Conner v. State*, 25 Ga. 515; *People v. Miller*, 12 Cal. 291; *People v. Jackson*, 111 N. Y. 362, 19 N. E. 54; *Kenney v. State*, 5 R. I. 385; *State v. Findley*, 77 Mo. 338; *Myers v. State*, 121 Ind. 15, 22 N. E. 781; *State v. Swain*, 97 N. C. 462, 2 S. E. 68; *State v. Peters*, 107 N. C. 876, 12 S. E. 74; *McCarty v. State*, 37 Miss. 411.

The name of the injured child as given in the information was Frieda. Her father, a witness for the state, testified that her name was Valfreda. Counsel for appellant hereon bases his contention that there was a fatal variance between the information and the proof. The testimony of the father was that in Holland, from whence the family came, the name was Valfreda, but that since being in this country she was called and known as Frieda. Whatever name the child was generally known by was her proper designation in the information. Where a person upon whom a crime is committed is referred to by the name he or she is generally known by in the neighborhood where the crime is committed, the use of

such name in the information is proper, and there can be no fatal variance upon proof that the baptismal name or true name is otherwise. Such is the undoubted rule. *State v. Seely,* 30 Ark. 162; *Jones v. State,* 65 Ga. 147; *Robinson v. Commonwealth,* 88 Ky. 386, 11 S. W. 210; *Commonwealth v. Trainor,* 123 Mass. 414; *People v. Leong Quong,* 60 Cal. 107; *Reddick v. State,* 25 Fla. 112, 433, 5 South. 704; *Vandermark v. People,* 47 Ill. 122; *Ehlert v. State,* 93 Ind. 76; *Bell v. State,* 25 Tex. 575; *State v. Johnson,* 67 N. C. 55; *McBeth v. State,* 50 Miss. 81; *State v. Bundy,* 64 Me. 507; *State v. Peterson,* 70 Me. 216. Such is also the rule in England. *Rex. v. Norton,* 1 Russ. & Ryan (Crown Cases) 509.

Complaint is next made of instructions to the jury numbered 8 and 12. Instruction No. 8 was evidently taken by the court from *State v. Harras,* 25 Wash. 416, 65 Pac. 744, as it is a duplicate of instructions there held to correctly state the law. No other comment need be made. It was good law and applicable to the facts in the case. Its only fault was its length. It would be better in criminal cases to make the instructions as short and pithy as a proper submission of the law applicable to the facts will admit. Long drawn-out instructions, although correctly stating the law, are more apt to be misleading and confusing to the jury than a clear, crisp statement of the law without repetition or enlargement. Instruction No. 12 is conceded to be correct, if evidence of two women to whom the girl made complaint was properly received. It is proper to prove that the injured female made complaint, when such complaint is seasonably made. The testimony of one of these women as to complaints was stricken by the court. The other testified to a complaint "about the first or middle of March." The time of the act was fixed by the state as the last of February or first of March. The evidence was properly received, and was within the rule as to time, and the instruction based upon such evidence was proper.

Complaint is also made that Frieda Johnson was not a competent witness on account of her age and lack of understanding of the nature and quality of an oath. The record contains a long examination of the witness by the state and by counsel for appellant, for the purpose of testing her qualification. We cannot here recite all the testimony of the girl upon such examination. It is sufficient to say that she was qualified, and her testimony was properly received. This was a matter resting largely within the discretion of the lower court, who has the offered witness before him, and its ruling will seldom be disturbed on appeal, unless there is a showing of manifest abuse of such discretion. *State v. Bailey,* 31 Wash. 89, 71 Pac. 715.

The sheriff testified to a confession of appellant, and the admission of such confession in evidence is attacked upon the ground that it was not voluntary. There is no evidence that it was other than voluntary. There is no evidence of threats, inducements, fear, or other situations which would render such confession inadmissible. The evidence shows the appellant sobbed out the story of his guilt, with tears. They may have been tears of penitence, or they may have been tears of sorrow at his appreciation of what he conceived awaited him, but there is nothing to show the exercise of any improper motive or act on the part of the sheriff.

Appellant had a fair and impartial trial, without error, and the judgment against him is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.