## The People of the State of Illinois, Defendant in Error, v. Michael Reilly, Plaintiff in Error.

### Gen. No. 5,621.

INDICTMENT—*use of initials.* The use of the initial letters in an indictment instead of the full Christian name of the person alleged to have been injured, is sufficient where it appears that he was usually known by such initials.

Prosecution for assault with intent to kill. Appeal from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 27, 1912.

LOUIS GREENBERG, MARTIN J. DILLON and JOHN J. COBURN, for plaintiff in error.

W. H. STEAD, FRANKLIN J. STRANSKY and FRANK T. SHEEAN, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Reilly was indicted for an assault with intent to kill and pleaded not guilty, and was tried by a jury and was found guilty of an assault with a deadly weapon with intent to inflict a bodily injury where no considerable provocation appeared, as charged in the indictment, and was sentenced to imprisonment in the county jail for one hundred days and to pay a fine of $100 and the costs, and it was ordered that he stand committed to the county jail till the fine and costs were paid. He sued out a writ of error and attached to the record fifteen assignments of error, which are not now relied upon, and afterwards additional assignments that the court erred in refusing to quash the indictment and in refusing to arrest the judgment. Though the record is lengthy, only the indictment and judgment are abstracted, and the only contention is that the indictment is insufficient to support a conviction because it describes the person injured as "M. C. Connors."

The People contend that the record does not contain the motion to quash the indictment and that the bill of exceptions does not contain the motion in arrest of judgment. In fact, the record does contain a motion to quash the indictment and its denial and an exception, and the bill of exceptions does not contain a motion in arrest of judgment and its denial and an exception. The question is presented whether the indictment is fatally defective because the person injured is named by his initials only in the indictment. Such an indictment was held insufficient in Willis v. People, 2 Ill. (1 Scam.) 399, and the general principle on which that decision was based was approved in Aldrich v. People, 225 Ill. 610. On the other hand, it was held in Durham v. People, 5 Ill. (4 Scam. 172), that, in stating the name of the person on whom the offense was committed, certainty to a common intent only is necessary, and that the name by which he is usually known is sufficient. In Lee v. Mendel, 40 Ill. 359, Charles W. Clayton was sued upon an instrument signed "C. W. Clayton," and there was no averment that Charles W. Clayton signed it by the name and style of C. W. Clayton. It was held that this was not to be regarded as another name, but simply as an abbreviation of the full name. In Vandermark v. People, 47 Ill. 122, an indictment for assault with intent to commit murder, the initials only of the person assaulted were given in the indictment, and the court said that when the person is described by the initials of his Christian name and he is as well known by that as by his full name, the object of the rule requiring his name to be set out in the indictment has been obtained, and that it is a question for the jury whether he was known in the community as well by that as by his full name. In Little v. People, 157 Ill. 153, the name of the person injured was stated in the indictment as "John F. Hinckley." The evidence was only that "J. F. Hinckley" was injured. Several authorities are there cited, and the conviction was affirmed, and the court there said:

"The use of the initial letters in place of the full Christian name has become general among all classes of people, and a judgment of conviction, otherwise free from error, ought not to be reversed because in the evidence the Christian name of the owner of the property stolen was proved only to the extent of the initials. No question was raised on the trial that the witness J. F. Hinckley, who testified to the theft of the diamond from his person, was not the John F. Hinckley named in the indictment. There can be no reasonable doubt as to the identity, and it will be presumed that the John F. Hinckley named in the indictment and the J. F. Hinckley mentioned in the proof as the owner of the property are one and the same person. There is no substantial variance, and an unsubstantial one cannot operate to reverse the judgment."

The people filed an additional abstract here, from which it appears that the person injured testified that his name was M. C. Connors, and four other witnesses, including plaintiff in error, called him M. C. Connors, and in eight instructions given at the request of plaintiff in error, the person injured was called by plaintiff in error M. C. Connors. It therefore appears that that is the name by which he was usually known. In fact, we are not cited to any evidence which shows that he has any other name. It is merely a presumption from common usage that these initials represent some full Christian name. If the person injured is as well known by that name as by any other name, he is in no danger of being unable to prove this indictment and conviction in defense to another indictment for the same offense upon the same person, and that danger is the only reason for requiring the name to be stated in full. Since Willis v. People, *supra,* was decided, section 9 of division 11 of the Criminal Code has been enacted, which provides that no writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the indictment.

The judgment is affirmed.

*Affirmed.*