[No. 12201-8-III.    Division Three.    September 9, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCESCO COZZA, *Appellant.*

*Roger A. Felice* and *Law Office of Roger A. Felice,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

KENNEDY, J. — Francesco Cozza was convicted by a jury of taking indecent liberties with a child. He appeals, contending that the court erred in denying his motion for arrest of judgment or a new trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.Y. (date of birth June 26, 1981) lived with her mother and her mother's boyfriend, Mr. Cozza, from 1983 or 1984 until May 17, 1987. She participated in a personal safety class at her school in February 1991, when she was 9 years old. She checked "yes", rather than "no" or "I don't know", when asked on a worksheet whether she wanted to talk to anyone about a touching problem. A.Y. told her teacher that, a long time ago, her mother's boyfriend had pulled down his pants and that she had to touch his private part.

After that brief revelation, the teacher referred A.Y. to the school counselor. The counselor encouraged A.Y. to be specific, but did not ask her any leading questions. A.Y. said that Mr. Cozza had told her to go into his bedroom. There, A.Y. touched him on his "weenie" and he touched her on her private part. The counselor reported the incident to Child Protective Services. A.Y.'s mother was also informed of the accusation by the school. A police detective interviewed the child with the counselor. The detective asked A.Y. to tell her about the touching problem. In addition to what she told the counselor, A.Y. said that she touched Mr. Cozza outside of his clothes, but he touched her bare skin. The touching occurred only once when it was daylight and hot outside. Mr. Cozza was charged with taking indecent liberties with A.Y., a violation of former RCW 9A.44.100(1)(b), between June 1, 1984, and March 31, 1987.

A.Y. turned 10 years old between the time of the report of the touching in February 1991, and the trial in October 1991. A pretrial child competency hearing and a child hearsay hearing were held, at the State's request. The court ruled that A.Y. was competent to testify and that the child hearsay was admissible.

A.Y., the teacher, counselor and police detective testified at trial. A.Y. stated that she did not remember touching Mr. Cozza's private part, but that he had touched her private part. A.Y.'s mother also testified. She stated that she had lived with Mr. Cozza and that A.Y. had told her the touching occurred a long time ago.

Mr. Cozza denied the accusation. He testified that he worked several different jobs during the time in question and was gone during daytime hours 5 to 6 days per week. He admitted that he was sometimes alone with A.Y. He said that he had helped the mother examine the child's vaginal area once, in the summertime, when he thought A.Y. had a yeast infection. A.Y.'s mother could not remember whether or not Mr. Cozza had examined A.Y. as he described.

The jury found Mr. Cozza guilty. The court denied Mr. Cozza's motion for arrest of judgment or a new trial and sentenced him to a standard range sentence of 14 months (range 12 to 14 months). Mr. Cozza appeals.

### 3-YEAR TIME FRAME OF CHARGE

Mr. Cozza contends the court erred in denying his motion for arrest of judgment because the information did not charge a crime with sufficient specificity. CrR 7.4(a)(2).[1] He also contends the information's 3-year time frame violated his due process rights as guaranteed by article 1, section 3 of our constitution and the fourteenth amendment to the United States Constitution. He alleges that he was precluded from raising a meaningful alibi defense.

■ Both article 1, section 3 of our constitution and the fourteenth amendment to the United States Constitution prohibit the State from depriving a person of liberty without due process of law.[2] Due process means notice and an opportunity to respond that is useful. *Fawcet v. Bablitch*, 962 F.2d

---

[1]CrR 7.4(a)(2) provides:

"Judgment may be arrested on the motion of the defendant [if]: . . . the indictment or information does not charge a crime".

[2]Const. art. 1, § 3 provides: "No person shall be deprived of life, liberty, or property, without due process of law."

617, 618 (7th Cir. 1992). It is a flexible concept that requires accommodation of the competing interests involved. *State v. Brown*, 55 Wn. App. 738, 748, 780 P.2d 880 (1989), *review denied*, 114 Wn.2d 1014 (1990). "Fairness is the hallmark of constitutional due process." *State v. Van Antwerp*, 22 Wn. App. 674, 680, 591 P.2d 844 (1979), *rev'd on other grounds sub nom. State v. Shipp*, 93 Wn.2d 510, 610 P.2d 1322 (1980).

■ To provide the required notice, a charging document must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(b); *State v. Rhinehart*, 92 Wn.2d 923, 928, 602 P.2d 1188 (1979). An information is sufficient if *inter alia* it imparts that the crime was committed before the information was filed and within the statute of limitation and if the crime is stated with enough certainty for the court to pronounce judgment upon conviction. RCW 10.37.050(5), (7).[3] The purpose of the information is to give notice to the defendant of the elements of the charged crime and the conduct allegedly constituting the crime so that he/she can prepare an adequate defense. *Auburn v. Brooke*, 119 Wn.2d 623, 629-30, 836 P.2d 212 (1992); *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). A challenge to the sufficiency of a charging document is of constitutional magnitude and may be raised for the first time on appeal. *State v. Leach*, 113 Wn.2d 679, 691, 782 P.2d 552 (1989); *Kjorsvik*, at 102; RAP 2.5(a)(3).

---

The fourteenth amendment to the United States Constitution provides in relevant part: "nor shall any state deprive any person of life, liberty, or property, without due process of law".

[3]RCW 10.37.050 provides in relevant part:
"The indictment or information is sufficient if it can be understood therefrom —
". . . .
"(5) That the crime was committed at some time previous to the finding of the indictment or filing of the information, and within the time limited by law for the commencement of an action therefor;
". . . .
"(7) The act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case."

The charging document must give a defendant notice of the charge that allows him to prepare an adequate defense. Whether that defense includes a right to a reasonable opportunity to raise an alibi defense is a question of first impression.

Other jurisdictions have addressed the issue of whether notice is adequate when the time frame of the offense is not specific because the child witness cannot recall the time of the incidents. Mr. Cozza cites, as his only authority on the issue, *Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888 (1975). There, the evidence showed that a mentally retarded 22-year-old boy was sodomized by the defendant sometime during a 14-month time frame. The challenge was not to the sufficiency of the information, as in this case, but to the fact that the evidence did not prove a crime within a certain enough time frame. The court held that the date proved by the evidence was not fixed with enough certainty, relying on *Commonwealth v. Levy*, 146 Pa. Super. 564, 23 A.2d 97 (1941), wherein a 2-month time frame was considered too uncertain. The due process violation occurred because the uncertainty interfered with the defendant's ability to defend himself. The court in *Devlin* concluded by saying that any leeway in the time frame for charging a crime "would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused." *Devlin*, at 518.

Since *Devlin*, the Pennsylvania courts have struck a different balance, finding no due process violations when a child victim is unable to provide specific dates for a single offense. *Commonwealth v. Speicher*, 259 Pa. Super. 433, 393 A.2d 904 (1978); *Commonwealth v. Fanelli*, 377 Pa. Super. 555, 547 A.2d 1201 (1988), *appeal denied*, 523 Pa. 641, 565 A.2d 1165 (1989); *Commonwealth v. Groff*, 378 Pa. Super. 353, 548 A.2d 1237 (1988). As long as the State comes forward with as specific information as is available, there is no due process violation. *Groff*, at 362.

The California courts have decided numerous cases dealing with the due process issue when there are multiple inci-

dents rather than a single incident of sexual contact with a child. One California court found a due process violation when the evidence proving the offense was deemed to not be specific enough as to time and the defendant was denied an opportunity to raise an alibi defense. *People v. Van Hoek*, 200 Cal. App. 3d 811, 817-18, 246 Cal. Rptr. 352, 356-57 (1988).

Following the *Van Hoek* decision, however, numerous cases have distinguished or rejected its analysis. *People v. Obremski*, 207 Cal. App. 3d 1346, 255 Cal. Rptr. 715 (1989); *People v. Coulter*, 209 Cal. App. 3d 506, 257 Cal. Rptr. 391 (1989); *People v. Avina*, 211 Cal. App. 3d 48, 259 Cal. Rptr. 178 (1989). *Van Hoek* was disapproved in *People v. Jones*, 51 Cal. 3d 294, 319, 792 P.2d 643, 270 Cal. Rptr. 611, 626 (1990) and superseded by a statute dealing with resident child molesters. *People v. Higgins*, 9 Cal. App. 4th 294, 11 Cal. Rptr. 2d 694 (1992). All of the California cases, including *Van Hoek*, are distinguishable in that there were multiple incidents by defendants who lived with the victims, rather than a single act, as occurred in this case. The reasoning of the resident child molester cases seems nonetheless applicable. When a child has an inability to recall the time of sexual contact with the defendant, the defendant should not escape prosecution, whether there were multiple events or only a single event.

In *Obremski*, the court held that the defendant was estopped from raising the issue on appeal, since he had not asserted an interest in raising an alibi defense at trial. Mr. Cozza also failed to express an interest in raising an alibi defense. Second, the court held that even if the defendant was not estopped from raising the issue, that court declined to follow *Van Hoek*. *Obremski*, at 1352. It held that the *Van Hoek* decision was wrongly decided, because it placed too much emphasis on the right of the resident child molester to rely on an alibi defense. *Obremski*, at 1352-53. Both alibi and wrongful identification are not likely to be reasonable defenses for a defendant who resided with the victim for an extensive and uninterrupted time. The resident child molester case presents credibility as the true issue. *Obremski*, at 1353-54; *Jones*, at 318-19.

In resident child molester cases, Washington courts agree that the defendant's due process rights to raise a defense are not violated when the child cannot remember specific dates. *State v. Brown, supra* at 748-49. We find no authority to support Mr. Cozza's contention that his due process rights were violated by the notice of the charges he received. Indeed, we find significant authority to the contrary.

Many other jurisdictions agree that time is not of the essence in a charge of sexual assault. *People v. Barlow*, 188 Ill. App. 3d 393, 544 N.E.2d 947 (1989), *appeal denied*, 129 Ill. 2d 566, 550 N.E.2d 559 (1990); *State v. Hoban*, 738 S.W.2d 536 (Mo. Ct. App. 1987); *State v. Dunbar*, 152 Vt. 399, 566 A.2d 970 (1989). Only two jurisdictions have specifically commented on the issue of whether a defendant has a right to a reasonable opportunity to raise an alibi defense. *Dunbar*, at 404; *State v. Wilcox*, 808 P.2d 1028, 1033 (Utah 1991).

In *Dunbar*, a defendant was convicted of a single sexual assault of a 5-year-old child. The State's first information alleged the assault occurred on or about a single date. After the defendant gave notice of an alibi defense, the State amended its information to say the assault occurred during one particular summer (3 months). Defendant argued that the information was not specific enough as to time, relying on *Devlin*. The court found no merit to the contention, noting that time is not of the essence in charges of sexual assault and that

> [d]efendant could not have been unduly surprised by the amendment to the information and does not argue, except in conclusory terms, that preparation of his case was hampered, other than by *the obvious loss of the alibi defense itself, in which he had no vested right.*

(Italics ours.) *Dunbar*, at 404.

In *Wilcox*, multiple incidents of sexual contact were alleged. A grandfather of a toddler was charged with sexual abuse of the child between January 1985 and September 4, 1987. The trial court dismissed the charges saying that the 32-month charging period was too broad and denied the defendant an

opportunity to raise an adequate defense, such as an alibi. The appellate court noted, in reversing, that, when young children are victims, the court is flexible in its requirement regarding specificity as to time and place. *Wilcox*, at 1033. To do otherwise would "leave the youngest and most vulnerable children with no legal protection." *Wilcox*, at 1033. Lack of specificity would go not to the constitutional adequacy of the notice but to the credibility of the State's case. *Wilcox*, at 1033.

In dealing with the defendant's claim that he was denied an alibi defense, the court said:

> This claim fails for two reasons. First, time does not become an element of an offense merely because the defendant pleads an alibi defense. Therefore, *[defendant] has no statutory or constitutional right to a charge framed so as to facilitate an alibi defense*. Second, it is doubtful that an alibi defense is a realistic possibility because [defendant] had continual contact with the child half of the time over the thirty-two-month period. Under these circumstances, we conclude that [defendant] has not shown any specific harm to his defense that he likely will suffer as a result of the lack of exact dates and times. ·

(Citations omitted. Italics ours.) *Wilcox*, at 1033.

If the defendant had had contact with the child only once or twice, the court observed that the lack of specificity might have compromised his defense. *Wilcox*, at 1034.

■ ■ We hold that, whether single or multiple incidents of sexual contact are charged, a defendant has no due process right to a reasonable opportunity to raise an alibi defense. Although our ruling does not allow the defendant to use the child's inability to recall dates as a sword to escape a trial, he or she can use the long time frame to attack the credibility of the child witness. *Fanelli*, at 564; *Wilcox*, at 1033.

In addition, the defendant may also deny the conduct, or offer innocent explanations for the child's sexual knowledge. *Jones*, at 319. Moreover, the requirement that the defendant be proved guilty beyond a reasonable doubt adequately protects the defendant's rights. *Hoban*, at 541-42. The trier of fact hears both that the child witness cannot specify a date

and that the defendant is thereby precluded from raising an alibi defense. *Hoban*, at 541-42. Both are considered in the deliberations that require guilt to be found beyond a reasonable doubt. Here, Mr. Cozza was able to defend with his denial, his contention of mistake, and his testimony that his work schedule left him little time alone with A.Y.

This case requires that we balance Mr. Cozza's due process rights against the importance of the State being able to prosecute crimes against children where a child is the only witness and cannot specify a date with certainty. We adopt the reasoned holdings of the other jurisdictions above cited and affirm.[4]

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions having no precedential value will not be published.

THOMPSON, C.J., and MUNSON, J., concur.

---

[4]We note, without deciding, however, that if Mr. Cozza had had a constitutional right to a reasonable opportunity to raise an alibi defense, it would be difficult to find that he was *not* prejudiced by the long time frame. Washington case law has approved 1- to 3-month time frames when sexual charges are brought and the victims are young and unable to establish calendar dates. *State v. Jordan*, 6 Wn.2d 719, 721, 108 P.2d 657 (1940) (60-day time frame adequate in charge of carnal knowledge of mentally deficient 15-year-old); *State v. Warren*, 55 Wn. App. 645, 655 n.5, 657, 779 P.2d 1159 (1989) (30-day time frame approved in charge of rape of 11-year-old), *review denied*, 114 Wn.2d 1004 (1990); *State v. Bailey*, 52 Wn. App. 42, 51, 757 P.2d 541 (1988) (30-day period approved in indecent liberties charge involving 3-year-old child), *aff'd*, 114 Wn.2d 340, 787 P.2d 1378 (1990); *State v. Carver*, 37 Wn. App. 122, 126, 678 P.2d 842 (approved time frame of 1 month for rape of young girl and summer vacation time frame for charge of indecent liberties), *review denied*, 101 Wn.2d 1019 (1984). A 6-month time frame was also approved in *Fawcett v. Bablitch*, 962 F.2d 617 (7th Cir. 1992). The time frame of the information here, however, is 34 months, significantly longer than in these cases. *But cf. Wilcox*, at 1033 (in resident child molester case, 32-month charging period was permissible and no prejudice to defendant resulted).

The State also cites *State v. Myrberg*, 56 Wash. 384, 105 P. 622 (1909) where the information identified a 3-year period in which the rape of a 9-year-old may have occurred. The information was held to be sufficient, but in that case the evidence did fix the rape as having occurred the last of one month or the first of the next month. *Myrberg*, at 387.