
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34925-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTON CHARLES YALLUP, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Easton Yallup appeals from his convictions at bench trial on two counts of first degree rape of a child. We affirm the convictions and remand to strike an award of restitution.

FACTS

This case revolved around allegations by M.V., 14 years old at trial, that Mr. Yallup had licked her vagina on multiple occasions when she was 10 and 11. After a late decision to waive jury trial, the matter proceeded to a bench trial in the Klickitat County Superior Court before the Honorable Brian Altman on October 5, 2016.

Investigation revealed that Mr. Yallup lived with M.V. and her mother in three different locations in Goldendale. The child reported that incidents of sexual abuse

occurred at all three locations. The prosecutor charged two counts of first degree child

rape occurring between January 1, 2010, and December 31, 2013. At trial, M.V. testified

that the first incidents of abuse occurred when she was 10 and finishing the fourth grade.

The abuse ended shortly before her 12th birthday. Since she was born in August 2002,

and her fourth grade year ended in 2013, there was a comparatively narrow window (last

16 months) of the charging period in which the offenses occurred.

At the conclusion of trial, Judge Altman explained his decision in detail:

> [M.V.] who is now fourteen, testified that the Defendant had sexual intercourse with her as it's defined in Washington law at least ten times she said and fewer than fifteen times during an approximate three year period. The incidents of intercourse ended . . . when her mother, [L.J.], finally kicked the Defendant out of the house where he had been staying off and on as her paramour for a period of a couple of years at least.
>  . . . .
> [Regarding] issues that reasonably go to doubt, the Court has to analyze those issues in the context of [M.V.]'s testimony. Thus, the three year old timeframe of the charging instrument is not dispositive. Victims this age subjected to multiple assaults rarely remember exact times and dates. Especially when, as in this case, at least initially, she couldn't understand what was actually going on. . . .
>
> My finding was that her entire story from her testimony here today, her interview, the reaction of the troubled alcoholic mother, Ms. [W]'s participation as a friend, all have a heft as a fact finder and determiner of credibility and feel and patina of the truth. I believed [M.V.]
>
> The very graphic details of her narrative had those idiosyncratic details that ring of truth. An invented tail [sic] does not sound like this. She told it consistently without variation, without coercion, with embarrassment and reluctance, but she told it. In my view, she was

2

victimized by the Defendant consistently and repeatedly and the statutory elements of the crime have been proven beyond a reasonable doubt.

Report of Proceedings at 114-15.

A mandatory presentence investigation (PSI) was completed and sentencing occurred November 21, 2016. Included in the criminal history was a 1996 federal offense of Abusive Sexual Contact. Clerk's Papers at 99. The court and PSI both calculated an offender score of 10 that included 3 points for the federal offense. No comparability analysis was conducted on the record. The court used the offender score of 10 to impose a minimum term of 318 months.

Mr. Yallup timely appealed to this court. Judge Altman retired the following month. The findings of fact required by CrR 6.1 had not been entered at that time. Counsel for Mr. Yallup filed the brief of appellant in early May 2017. Judge Altman filed findings of fact on August 24, 2017. The brief of respondent was filed the following day. A reply brief was timely filed. A panel of this court considered the matter without hearing argument.

## ANALYSIS

The appeal raises four substantive issues: (1) whether the evidence supported the conviction for two counts within the charging period, (2) whether the untimely entry of findings prejudiced Mr. Yallup, (3) whether counsel performed ineffectively by failing to urge a comparability analysis of the federal conviction, and (4) whether the court erred in

3

No. 34925-0-III
*State v. Yallup*

directing that restitution be made as a condition of community custody.[1]  We address

those contentions in the order listed.

*Sufficiency of the Evidence*

Appellant contends that because his victim could not identify the particular dates

on which she was abused, it is unclear if both of the events occurred during the charging

period.  This issue is governed by longstanding precedent.

"Following a bench trial, appellate review is limited to determining whether

substantial evidence supports the findings of fact and, if so, whether the findings support

the conclusions of law."  *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014)

(citing *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005)).  "'Substantial

evidence' is evidence sufficient to persuade a fair-minded person of the truth of the

asserted premise."  *Id*. at 106.  In reviewing insufficiency claims, the appellant

necessarily admits the truth of the State's evidence and all reasonable inferences drawn

therefrom.  *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).  Finally, this

court must defer to the finder of fact in resolving conflicting evidence and credibility

determinations.  *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

---

[1] Mr. Yallup also asks that we not impose appellate costs in the event the State substantially prevails.  We leave that issue to our commissioner in the event costs are claimed.  RAP 14.2.

4

This approach applies the evidentiary sufficiency standard dictated by the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Specifically, *Jackson* stated the test for evidentiary sufficiency under the federal constitution to be "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Washington promptly adopted this standard in *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (plurality); *Id.* at 235 (Utter, C.J., concurring); *accord*, *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016).

Under *Jackson*, the test is whether the trier of fact *could* find the element(s) proved. In the context of testimony of repetitive abuse overlapping a charging period, the case law also provides an answer to Mr. Yallup's challenge. *See generally*, *State v. Hayes*, 81 Wn. App. 425, 914 P.2d 788 (1996). That answer is derived from two settled principles.

The first principle is that the charging period is more flexible than the mere time frame alleged in the information. When charging using "on or about" or similar language, the proof is not limited to the delineated time period. *State v. Osborne*, 39 Wash. 548, 81 P. 1096 (1905); *see Hayes*, 81 Wn. App. at 432 n.12 (citing cases). *Hayes* distilled the general rule: "where time is not a material element of the charged crime, the language 'on or about' is sufficient to admit proof of the act at any time within the statute

5

of limitations, so long as there is no defense of alibi."[2]  81 Wn. App. at 432.  Time is not

an element of most sex offenses.  *Id*. at 433, 437; *State v. Cozza*, 71 Wn. App. 252, 258-

59, 858 P.2d 270 (1993).[3]

The second principle involves the situation of the "resident child molester:" a

person who has regular access and frequently abuses his victim, leading to a lack of

specificity of timing for each offense.  *State v. Brown*, 55 Wn. App. 738, 748-49, 780

P.2d 880 (1989).  In those cases, alibi or misidentification are not genuine defenses.  *Id*.

at 748.  Rather, the true issue is credibility.  *Id*.; *Hayes*, 81 Wn. App. at 433.  *Hayes*

described the three factors that were needed to prove sex abuse based on "generic"

testimony:

> First, the alleged victim must describe the kind of act or acts with sufficient
> specificity to allow the trier of fact to determine what offense, if any, has
> been committed.  Second, the alleged victim must describe the number of
> acts committed with sufficient certainty to support each of the counts
> alleged by the prosecution.  Third, the alleged victim must be able to
> describe the general time period in which the acts occurred.  The trier of
> fact must determine whether the testimony of the alleged victim is credible
> on these basic points.

*Id*. at 438.

---

[2] The victim's testimony placed the incidents between the spring of 2013 (end of
fourth grade) and August 2014 (12th birthday), a period that extends nearly eight months
past the end of the charging period and is within the statute of limitations period.

[3] The charging language here stated "on or between," arguably a narrower
construction than "on or about," but appellant has presented no authority suggesting that
*Osborne* does not remain good law in this context.

*Hayes* answers Mr. Yallup's argument. As to the first element, M.V. described acts of sexual intercourse (committed with the tongue or by penetration with a finger)— the essential component of a rape charge. She testified that these acts occurred more than 10 times; only two counts were charged. Third, the victim provided specific testimony about location and age to adequately describe the time period when the acts occurred.[4]

The *Hayes* factors are satisfied. More specificity from the victim was not required. Judge Altman applied the correct factors and was satisfied that two counts occurred within the charging period. The evidence supported that determination.

The evidence was sufficient.

*Late Findings*

Mr. Yallup next challenges the trial court's entry of late findings, arguing that they were tailored to answer his appellate challenges. We are unhappy with both the late findings—a problem that seems to be increasing of late[5]—and the way they were

---

[4] Although the members of this panel appreciate the sensitivity with which young witnesses must be treated, particularly when dealing with the topic of sexual abuse, better questioning to tie down the time frame of events in light of the victim's testimony, could have resolved this issue more readily. Whenever trial testimony might suggest that behavior occurred outside the charging period, clarification typically is in order.

[5] This is the third case assigned to the writing judge within the past six weeks in which necessary findings were missing, but the appellant did not seek this court's assistance before filing his brief.

addressed to this court. Ultimately, we conclude that Mr. Yallup has not established that the findings were tailored to prejudice his appeal.

Court rules and statutes mandate that trial courts enter written findings in several different circumstances, including bench trials in civil and criminal cases, along with specific findings required for termination trials, marriage dissolution proceedings, etc. Criminal rules mandating the entry of written findings include CrR 3.5, CrR 3.6, and CrR 6.1(d). Although the obligation is placed on the trial judge to enter the findings, we recognize the near universal practice of delegating the drafting of findings to the prevailing party.

Here, Judge Altman's pending retirement (and desire to spend much of that time at sea) was well known, even to the bench of this court. Trial was held more than two months before his departure from the bench. In an ideal world, the findings necessitated by CrR 6.1(d) would have been entered at the time of sentencing when Judge Altman would be sitting in Goldendale and the parties would be present. When that did not occur, the prosecutor should have proceeded to bring the matter to the judge's attention before his retirement and departure.

Some time prior to the filing of appellant's brief, counsel for the appellant discovered that the findings mandated by CrR 6.1(d) were not present. Our record does

8

not reflect what efforts, if any, the parties made to resolve that situation.[6]  This court's

records carry no indication that either party brought it to the attention to our clerk of court

or our commissioner's office.  Instead, appellant filed a brief and attempted to use the

absence of findings for his own benefit.  Respondent made efforts to get the findings

entered and delayed its own briefing to accomplish that fact.  Appellant filed a reply brief

challenging the findings.

This process ultimately served no one.  The purpose of findings of fact is to

facilitate review.  *State v. Head*, 136 Wn.2d 619, 621-22, 964 P.2d 1187 (1998).  Instead,

our focus here was turned to the process by which the findings were created rather than

the merits of the findings.  Accordingly, and with the knowledge that this is not the only

recent case where similar events occurred, we set forth how the parties *should* have

behaved.

The initial failure is with the respondent.[7]  The prevailing party must make efforts

to get findings entered in a manner that facilitates timely review of an appeal.  Although

the ultimate responsibility rests with a trial judge, the reality is that the prevailing party

---

[6] Although not in our record, both parties acknowledge in their briefing that
appellant's counsel contacted the prosecutor about the problem and that he then began an
effort to obtain defense trial counsel's agreement with the proposed findings while the
court clerk attempted to locate Judge Altman in transitu.  We commend counsel for her
professionalism in starting efforts to resolve the problem in an informal manner.

[7] We know that sometimes other actors—judges, court clerks, trial counsel—may
be the cause of delay, but that is not what happened here.

has the most at risk and should make sure that a busy trial judge is presented with the opportunity to enter appropriate findings in a timely manner.

When that initial responsibility is not met, the appellant should, as counsel did here, make best efforts to alert respondent that action is needed.[8] Basic principles of civility and professionalism dictate that all counsel should attempt to resolve problems before they grow into bigger issues. If informal methods fail, then appellant should enlist this court's assistance. Notification that required findings are missing and an indication that a continuance of the briefing obligation is necessary would be one way to approach the problem. Another would be to file a motion to compel entry of findings. In either instance, notifying this court and obtaining its assistance should lead to a timely resolution of the finding issue so that counsel can obtain the necessary record to address the client's case.[9] This approach should lead to a speedier consideration of the case than attempting to address the issue by the briefing process.

However, that did not happen here, so we must consider the issue of the late findings. Mr. Yallup argues that the late findings were tailored to address his appeal.

---

[8] Counsel also may learn that the findings process already is underway simply by speaking to the other side.

[9] Counsel for appellant has an obligation to review the record and determine whether meritorious issues exist for appeal. That obligation cannot be met without having an adequate record for review that includes findings required by our rules and statutes. It usually will not serve the client's best interests to file a brief with an inadequate understanding of the record.

They were not. The written findings address exactly what would be expected from a

bench trial and are not an expansion of Judge Altman's oral ruling. There is no mention

of the issue actually raised by appellant's brief—whether the testimony placed the two

counts within the charging period or not. The findings do not address the issue. Instead,

the findings simply reflect that the two events occurred within the charging period rather

than within the specific period described by the testimony.

The findings were not tailored. This argument is without merit.

*Ineffective Assistance of Counsel*

Mr. Yallup next argues that trial counsel was ineffective by failing to demand a

comparability analysis. On this record, he cannot establish he was harmed by his

attorney's alleged failure to act.[10]

Well settled standards govern review of this contention. An attorney must

perform to the standards of the profession; counsel's failure to live up to those standards

will require a new trial when the client has been prejudiced by the attorney's failure.

*State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating

ineffectiveness claims, courts must be highly deferential to counsel's decisions. A

---

[10] Respondent alleges in its briefing that defense counsel was shown a copy of the documents and decided not to challenge use of the federal conviction. Appellant rightly argues that this information is not part of the record and cannot be used on appeal. We agree and decline to consider the information. The trial prosecutor should have noted the agreement on the record at sentencing and/or encouraged defense counsel to either agree with the calculation or express any concerns that might have existed.

strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Id.* at 690-92. When a claim can be disposed of on one of the *Strickland* prongs, a reviewing court need not consider both prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

When considering a conviction from another jurisdiction, Washington courts will compare the foreign offense with Washington offenses in order to properly classify the crime. RCW 9.94A.525(3). Here, Mr. Yallup was convicted of "abusive sexual contact." 18 U.S.C. § 2244. That is an umbrella statute covering aggravated sexual abuse of adults and children, general sexual abuse, and sexual abuse of minors or wards. 18 U.S.C. §§ 2241-43.

We need only address the prejudice question.[11] Typically, when counsel is alleged to have failed to file an appropriate motion or lodge a proper objection, a defendant must establish that he would have prevailed in the trial court in order to show that he was

---

[11] Given the serious nature of most of the federal crimes listed under the "abusive sexual contact" label, it is conceivable that counsel would not challenge the classification lest the facts reveal that Mr. Yallup's federal offense was one that would qualify him as a persistent offender under the "two strikes" statute applied to sex offenders. RCW 9.94A.030(38)(b). As explained above, we simply do not have enough information to know whether counsel made a strategic choice or not.

prejudiced by counsel's failure to act. *McFarland*, 127 Wn.2d at 333-34. Mr. Yallup

cannot meet that burden in this appeal because the necessary evidence is not in the

record. Without having the federal court information, it is not possible to determine

whether the trial court (and the PSI writer) incorrectly classified the offense.[12] Without

establishing prejudice, Mr. Yallup cannot show that his counsel performed ineffectively.

*Id.*

Mr. Yallup has not established ineffective assistance of counsel. Because any

showing of error requires a better record than we have here, his remedy is to bring a

personal restraint petition (PRP) wherein he can marshal his evidence and argument.

*E.g.*, *McFarland*, 127 Wn.2d at 338 n.5; *State v. Norman*, 61 Wn. App. 16, 27-28, 808

P.2d 1159 (1991).[13]

The allegation of ineffective assistance is, on this record, without merit.

*Restitution Award*

The final argument we address is Mr. Yallup's contention that the court erred in

ordering restitution as a condition of his community custody. The State concedes that the

---

[12] *Compare*, *State v. Thiefault*, 160 Wn.2d 409, 158 P.3d 580 (2007). There, defense counsel performed deficiently when he failed to object to the trial court's incorrect comparability analysis. Since the trial court's legal analysis was incorrect and resulted in a persistent offender finding, the prejudice to Mr. Thiefault was clear; the matter was remanded for another comparability analysis. *Id.* at 417.

[13] Mr. Yallup is cautioned to carefully review his evidence and the law before bringing a PRP lest a new sentencing hearing worsen his position. *See* footnote 11.

No. 34925-0-III
*State v. Yallup*

restitution order should be stricken because no restitution was ordered within the six month period dictated by the statutes. We accept the concession and direct that the restitution order be stricken.

Affirmed and remanded to strike.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Pennell, A.C.J.

14