IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37429-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY ALAN WRIGHT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, A.C.J. — Gregory Wright's opening brief presents a curious challenge to the trial court's failure to enter findings and conclusions in support of a CrR 3.5 ruling on which Mr. Wright *prevailed*. He, as the prevailing party, never proposed findings and conclusions. Findings and conclusions were entered after Mr. Wright filed his opening brief.

Mr. Wright's pro se statement of additional grounds and supplemental briefing on a *Blake*[1] issue put more meat on the bones of this appeal. We affirm the convictions but remand for resentencing.

## FACTS AND PROCEDURAL BACKGROUND

One day in August 2019, Javier Bueras was driving when he saw a man walking who looked tired. Mr. Bueras did not know the man or anything about him, but offered him a ride. When Mr. Bueras stopped to buy some beer, the man stayed in the car. Mr. Bueras left the car without taking his keys or asking his passenger to step out of the car. He trusted that the man would not steal it, and he "didn't want to be a jerk." Report of Proceedings (RP)[2] at 122. While Mr. Bueras was not a jerk, his passenger proved to be, driving off in Mr. Bueras's car. A store employee called the police and Mr. Bueras reported his car stolen.

On the same evening Mr. Bueras reported the car stolen, police received a suspicious vehicle report on a car bearing the same license number. Officer Avery Smith located the car and stopped it. Given the nature of a stolen vehicle stop, she dealt with the driver from a distance of about 20 yards while awaiting the arrival of other officers. She was able to see the driver through the driver's side mirror, and he was initially

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] While several nonconsecutively paginated reports of proceedings are included in our record, our only citations are to the consecutively-paginated verbatim report of trial proceedings.

2

compliant, placing his hands out of the window at her command. But before other officers could arrive, he pulled his hands back into the car and took off. He eluded Officer Smith and other responding officers for a time, but was eventually followed and detained after stopping the car and running into a home.

Mr. Wright was charged with theft of a motor vehicle and attempting to elude a pursuing police vehicle. Before trial, the court suppressed statements Mr. Wright had made to officers when arrested. It failed to enter timely written findings of fact and conclusions of law.

At trial, Mr. Bueras identified Mr. Wright in the courtroom as the man who drove off in his car. He admitted that during a showup identification conducted after his car was found and Mr. Wright was detained, he told officers he did not believe Mr. Wright was the person who took his car. That identification took place at night, from a distance, with police illuminating Mr. Wright with flashlights. Mr. Bueras explained at trial, "I don't know if it was because of the light, the intense brightness of it, or maybe he had changed, I think, too. But . . . it didn't look like the same guy to me." RP at 116. In addition to identifying Mr. Wright in the courtroom, Mr. Bueras was shown a photograph of Mr. Wright taken three days before the theft, which the defense stipulated was an accurate depiction of Mr. Wright at the time of the charged conduct. Mr. Bueras testified that was the person who stole his car.

3

Officer Smith also identified Mr. Wright at trial as the man she saw when she stopped Mr. Bueras's car, and saw again at the location where he left the car and ran, eventually entering the home. She testified she had no doubt about her identification based on those sightings, stating that her distance vision was "very good." RP at 192.

The jury found Mr. Wright guilty as charged.

At sentencing, the State argued Mr. Wright's offender score was 13 and asked the court to impose a sentence at the top of the standard range. The defense challenged the State's criminal history. Mr. Wright asked the court to impose a low-end sentence to take into consideration a juvenile offense that increased his score by 3 points. The court found Mr. Wright's offender score was over 9, even without the 3 points from his juvenile offense. It imposed sentences at the top of the standard range. Mr. Wright appealed.

Two developments after Mr. Wright filed his opening brief affect the scope and substance of the appeal. The trial court belatedly entered findings of fact and conclusions of law supporting its CrR 3.5 ruling that Mr. Wright's statements were inadmissible. And this court granted a motion by Mr. Wright for leave to file supplemental briefing on sentencing issues arising from the Supreme Court's decision in *Blake*.

## ANALYSIS

I.  MR. WRIGHT'S ASSIGNMENT OF ERROR TO THE TRIAL COURT'S FAILURE TO ENTER FINDINGS AND CONCLUSIONS AFFORDS NO BASIS FOR RELIEF

CrR 3.5(c) imposes a duty on the trial court to make a record when it rules on

whether an accused's statement that the State proposes to offer as evidence is admissible.[3]  A trial court's failure to enter written findings and conclusions requires remand for entry of written findings and conclusions.  *State v. Head*, 136 Wn.2d 619, 624, 964 P.2d 1187 (1998).  "An appellate court should not have to comb an oral ruling to determine whether appropriate 'findings' have been made, nor should a defendant be forced to interpret an oral ruling in order to appeal his or her conviction."  *Id.*  Delayed written findings may require reversal if the defendant can demonstrate actual prejudice. *Id.* at 624-25.

This court has observed that "[a]lthough the obligation is placed on the trial judge to enter the findings, we recognize the near universal practice of delegating the drafting of findings to the prevailing party."  *State v. Yallup*, 3 Wn. App. 2d 546, 555, 416 P.3d 1250 (2018).  "The prevailing party must make efforts to get findings entered in a manner that facilitates timely review of an appeal.  Although the ultimate responsibility rests with a trial judge, the reality is that the prevailing party has the most at risk and should make sure that a busy trial judge is presented with the opportunity to enter appropriate findings in a timely manner."  *Id.* at 556.  When the prevailing party does not do so, the appellant should alert the respondent to the problem.  *Id.* at 556-57.  "Basic principles of civility and

---

[3] The rule states, "After the hearing, the court shall set forth in writing: (1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor." CrR 3.5(c).

professionalism dictate that all counsel should attempt to resolve problems before they grow into bigger issues." *Id.* at 557.

Mr. Wright's opening brief argued that we should remand for entry of written findings and conclusions and "reserve[d] the right to address the issue of prejudice or tailoring in a supplemental brief." Br. of Appellant at 5. The findings and conclusions have now been entered. Mr. Wright has presented no supplemental argument illuminating how, in a ruling favorable to him, the findings and conclusions were tailored and prejudicial. No right to relief has been demonstrated.

II.   RESENTENCING IS WARRANTED FOLLOWING *BLAKE*

Mr. Wright argues that in light of *Blake*, he was sentenced on the basis of an incorrectly high offender score. *Blake* declared unconstitutional the statute criminalizing simple possession of a controlled substance (RCW 69.50.4013) because it criminalizes innocent and passive possession. 197 Wn.2d at 183. Mr. Wright represents that his criminal history at sentencing included at least four Washington State convictions for unlawful possession of a controlled substance.

The State concedes that we should remand for recalculation of Mr. Wright's standard range, but expresses concern that Mr. Wright will reraise arguments about the existence of prior convictions. As explained at Mr. Wright's sentencing, some of the original records documenting his criminal history were destroyed, so the State presented certified printed dockets instead of the judgment and sentences. Mr. Wright did not

assign error on appeal to the court's decision at sentencing on the records it deemed admissible.  The judge who presided at Mr. Wright's trial and sentencing has since retired.

Following *Blake*, Mr. Wright's prior convictions under RCW 69.50.4013(1) are void.  197 Wn.2d at 195.  His resentencing will be a full sentencing, because it will entail imposing a sentence on the basis of an offender score that the parties agree will be reduced, and thereby an exercise of discretion.[4]  *Cf. State v. Ramos*, 171 Wn.2d 46, 49, 246 P.3d 811 (2011) (resentencing that would include imposing conditions of placement would not be ministerial), *aff'd*, 187 Wn.2d 420, 387 P.3d 650 (2017).  Moreover, by statute, "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2).

With a number of Mr. Wright's prior convictions now being void, dates of conviction and release may have new importance for determining which, if any, convictions wash out.  Mr. Wright must be allowed a full opportunity to argue that the evidence the court earlier admitted and considered does not establish that a particular conviction should be included in the offender score.  Because Mr. Wright did not appeal

---

[4] The State contends the offender score will still be at least a 9.

the trial court's rulings on the *admissibility* of the State's evidence (viz., the type of record, as opposed to the information it reflects or lacks) we understand the State's concern.  One facet of Washington's law of the case doctrine provides that "'questions determined on appeal, or *which might have been determined had they been presented*, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause.'"  *State v. Tili*, 148 Wn.2d 350, 382, 60 P.3d 1192 (2003) (Sanders, J. dissenting) (quoting *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988)).  The original sentencing court's rulings admitting the State's evidence are law of the case.

## STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds, Mr. Wright argues that the State's evidence was insufficient to establish that he was the individual who drove off in Mr. Bueras's car.  He highlights Mr. Bueras's failure to make a positive identification at the showup procedure and the fleeting and otherwise unfavorable conditions under which Officer Smith viewed the car's driver.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence and this court draws all reasonable inferences in favor of the State.  *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).  Mr. Bueras and Officer Smith both identified Mr. Wright at trial as the individual whom they saw engaged in the charged crimes.  Mr. Wright's claim that their testimony was unreliable is not relevant to a

8

sufficiency analysis. We do not reweigh evidence or evaluate witness credibility. *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017).

Mr. Wright nonetheless relies on *Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972), to challenge the witnesses' identification—and in particular, Officer Smith's identification—as constitutionally inadmissible. In *Biggers*, the Court addressed whether a defendant is denied due process of law when an identification procedure is unnecessarily suggestive and conducive to irreparable mistaken identification. *Id.* at 196. The Supreme Court later rejected the argument that due process is implicated by every identification made in suggestive circumstances, holding that "the Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances *arranged by law enforcement*." *Perry v. New Hampshire*, 565 U.S. 228, 248, 132 S. Ct. 716, 181 L. Ed. 2d 694 (2012) (emphasis added).

The only identification in Mr. Wright's case that was "arranged by law enforcement" was the showup opportunity given Mr. Bueras to identify whether the man taken into custody by officers was the man who drove off in his car. Mr. Bueras did not identify Mr. Wright at that time.

9

The evidence of identification was sufficient and no violation of due process is shown. We affirm Mr. Wright's convictions and remand for resentencing in accordance with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:


_____
Lawrence-Berrey, J.


_____
Staab, J.