
**FILED**
**MAY 11, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38736-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| C.M.W.-S.,† | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — C.M.W.-S. (C.) appeals her adjudication of guilt

for assault in the fourth degree. She argues her adjudication should be reversed and the

charge dismissed with prejudice because the State presented insufficient evidence to

prove the absence of self-defense beyond a reasonable doubt. We disagree and affirm.

FACTS

C.'s mother entered her 15-year-old daughter's bedroom one evening and saw her

daughter hide something under the covers.[1] It was a cell phone. C. was not allowed to

have a cell phone. C. grabbed it and refused to give it to her mother when her mother

---

† To protect the privacy interests of C.M.W.-S., we use her initials throughout this opinion. Gen. Ord. for Ct. of Appeals, *In re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018) (effective September 1, 2018), http://www.courts.wa.gov/appellate_trial_courts.

[1] The parties do not dispute that C. was 15 years old.

asked for it.  The two scuffled for the phone.  During the scuffle, C. kicked her mother

twice.

*Procedure*

The State charged C. with fourth degree assault with notice of a domestic violence

allegation.  The testimony about the scuffle was brief.

C.'s mother testified: "[C.] wound up falling back on her bed, and it became a

struggle for the cell phone, in which I was actually able to get the cell phone away from

her.  And during that she kicked me twice."  Rep. of Proc. (RP) at 11.

C. explained why she kicked her mother:

She tried to take [the phone] from me, but . . . I was trying to hold
it. . . .  I was laying back on my bed, and her knee was on my leg, and . . .
the only reason I kicked her was to . . . get her off of me.

. . . .

. . . I kicked her because she was on my leg, and it hurt.  *And—because I
knew at that point I knew I wasn't going to get the phone back* . . . .

RP at 23-24 (emphasis added).

C. argued self-defense at closing.  The State did not respond to this argument.  The

trial court orally ruled that the State had proved the elements of fourth degree assault and

the domestic violence aggravator, but its discussion of C.'s self-defense claim was

unclear.  C. asked for clarification.  The trial court said: "The Court does not find that

[C.] established . . . she was acting in self[-]defense.  I'm not (inaudible) that [C.] was acting in self[-]defense."  RP at 34.  The court concluded, "I do think the State has met its burden in this case."  RP at 35.

The trial court entered its order adjudicating C. guilty of fourth degree assault.  It later entered findings of fact and conclusions of law.  Absent from the findings and conclusions is any discussion of C.'s self-defense claim.  C. timely appealed.

ANALYSIS

C. contends the State failed to present sufficient evidence to sustain her adjudication of guilt because it presented no evidence to disprove her self-defense claim.  She argues (1) her testimony at trial was sufficient to raise the issue of self-defense, (2) the record is devoid of findings or evidence to disprove self-defense beyond a reasonable doubt, and (3) dismissal of the charge with prejudice is required.  We disagree with her second and third arguments.

As explained below, we review the sufficiency of the evidence in deciding whether dismissal with prejudice is required.  Here, the evidence viewed in the light most favorable to the State shows that C. kicked her mother twice because her mother had taken the phone and C. knew she was not getting it back.

3

No. 38736-4-III
*State v. C.M.W.-S.*

*Self-defense at issue*

To raise a claim of self-defense, the defendant must first offer some evidence, from whatever source, that his or her actions occurred in circumstances amounting to self-defense. *State v. Grott*, 195 Wn.2d 256, 266, 458 P.3d 750 (2020). "Some evidence" is a low burden on the defendant, and the evidence need not even create a reasonable doubt. *State v. Janes*, 121 Wn.2d 220, 237-38, 850 P.2d 495 (1993).

Here, C. presented sufficient evidence to raise self-defense: she testified her mother's knee was on her leg, it hurt her, and the only reason she kicked her mother was to get her off.

*Sufficiency of evidence (to find the absence of self-defense)*

It is well established that once an accused party presents some evidence of self-defense, the burden shifts to the State to prove the absence of self-defense beyond a reasonable doubt. *Grott*, 195 Wn.2d at 266.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Here, the State was required to prove the absence of self-defense beyond a reasonable doubt.

4

> [A]n essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense.

*Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

"The sufficiency of the evidence is a question of constitutional law that we review de novo." *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). The inquiry focuses on "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Where sufficient evidence does not support a conviction, such a conviction cannot constitutionally stand. *Id.* at 318.

In her testimony, C. offered two arguably conflicting reasons why she kicked her mother. Her first reason was consistent with self-defense—her mother's knee was on her leg and it hurt. Her second reason was inconsistent with self-defense—her mother had taken the phone and "at that point I knew I wasn't going to get the phone back . . . ." RP at 24. Viewing the evidence in the light most favorable to the State, as we must, a rational trier of fact could find the two reasons conflicting, discount the first, and find the

5

No. 38736-4-III
*State v. C.M.W.-S.*

absence of self-defense beyond a reasonable doubt.[2]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____    _____
Pennell, J.                               Staab, J.

---

[2] The findings and conclusions entered below are deficient. We remind the State of its obligation to prepare sufficient findings and conclusions to facilitate appellate review of a conviction. *See State v. Yallup*, 3 Wn. App. 2d 546, 555-57, 416 P.3d 1250 (2018). This is especially troubling here, where the trial court seemingly misplaced the burden of proving self-defense on C.

    C. does not request remand for entry of sufficient findings of fact and conclusions of law. If C. was to request this relief in a motion for reconsideration, we would grant her motion and retain jurisdiction to ensure that her adjudication of guilt could stand in light of the amended findings and conclusions.

    The preferred process would have been for the State, upon receiving C.'s opening brief, to have moved this court to authorize the trial court to enter amended findings and conclusions on the issue of self-defense. *See* RAP 8.3.

6